IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2011

**STATE OF TENNESSEE v. ANDREW KELLY KING**

**Appeal from the Criminal Court for Sullivan County**
**Nos. 29090, 29287 & 29288     Robert H. Montgomery, Jr., Judge**

**No. E2011-00214-CCA-R3-CD - Filed April 17, 2012**

The Defendant, Andrew Kelly King, appeals the Sullivan County Criminal Court's order revoking his probation for robbery, vandalism, and attempted escape and ordering his four-year sentence into execution. The Defendant contends that the trial court abused its discretion by revoking his probation and ordering him to serve his sentence. We reverse the judgment of the trial court because the court improperly relied upon potential parole in making its determination. The case is remanded to the trial court for a new hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Daniel J. Cantwell (on appeal), Kingsport, Tennessee and Patrick Denton (at the revocation hearing), Blountville, Tennessee, for the appellant, Andrew Kelly King.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; and Barry Staubus, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant pled guilty on May 17, 1991, and received a four-year sentence with 180 days' confinement and the remainder served on probation. On July 17, 1992, a violation of probation warrant was filed alleging that the Defendant failed to obey the laws of South Carolina, failed to report as instructed by his probation officer, and failed to pay the supervision fee. The Defendant was arrested in South Carolina on November 9, 1991, for first degree criminal sexual conduct. The Defendant was convicted and sentenced to twenty-five years' confinement. After serving seventeen years and eight months of that sentence,

the Defendant was transported to Sullivan County for adjudication of his probation violations. The Defendant pled guilty to violating his probation by failing to obey the laws of South Carolina, failing to report as instructed by his probation officer, and failing to pay the supervision fee.

At the revocation hearing, the Defendant testified that in 1991, he was released on probation and returned to South Carolina, his home state. While he served his probation in South Carolina and paid his supervision fees, he was arrested for first degree criminal sexual conduct. He was sentenced to twenty-five years' confinement but was released after serving seventeen years and eight months. He said that the South Carolina Department of Corrections told him the State of Tennessee placed "a hold" on him and that his South Carolina case worker unsuccessfully attempted to resolve the hold.

The Defendant testified that while in confinement in South Carolina, he participated in every available program, including three phases of sex offender treatment programs, Purpose Driven Life, parenting classes, anger management, and character building classes. He said the programs changed his attitude and his life because he realized he did not want to return to prison. He said he was evaluated for the purpose of being placed on the sex offender registry after his release from custody. He said that he was not a "sexual predator" but that he was required to register with the sex offender database and would be placed on community supervision for life.

The Defendant testified that he planned to live in Greenville, South Carolina when released from custody because his children and grandchildren lived there. He said that during his time in prison, he earned minimum wage manufacturing hardwood flooring. He said he voluntarily withheld thirty-five percent of each paycheck for child support. He said that he was offered a job with Anderson Hardwood Flooring in Clinton, South Carolina and that he would accept the position if the trial court allowed him to complete his original probation. The Defendant expressed remorse for his mistakes as a young man and made no excuses for his conduct. He said that if he received a second opportunity, he would comply with the conditions of his release. He said prison taught him that time was precious. He said that he had a good relationship with his children and their mother and that he planned to continue caring for his family if released and allowed to return to South Carolina.

On cross-examination, the Defendant testified that the victim of his first degree criminal sexual conduct conviction was twenty-two years old. He said that although he served seventeen years and eight months of a twenty-five year sentence in South Carolina, he was not on parole or under supervision in South Carolina. He said his only obligation was to register with the sex offender registry every six months.

The Defendant testified that he was found delinquent for burglary with malicious injury, joy riding, underage possession of alcohol, and simple assault as a juvenile in South Carolina. He agreed he was convicted of simple assault and battery as an adult in South Carolina. He moved to Tennessee because of Job Corps but said he had no personal connections to Tennessee. He said Anderson Hardwood Flooring was the same company he worked for while in prison.

On redirect examination, the Defendant testified that he was trained as a machine technician in prison. He said the prior convictions and juvenile adjudications noted on cross-examination occurred before he turned twenty-one years old. He turned thirty-nine years old in February 2011.

Upon examination by the trial court, the Defendant testified that his probation officer in South Carolina told him about the Tennessee violation of probation warrant after he was arrested for first degree criminal sexual conduct. He said he contacted Tennessee and was told that the outcome of the violation of probation warrant depended upon the outcome of the South Carolina proceedings. He said he was in South Carolina custody for a period of time before the trial on the first degree criminal sexual conduct charge but was released on bond.

The trial court asked counsel for the State and the Defendant whether parole could be transferred to another state or whether a parolee must remain in Tennessee. The prosecutor suggested that the court hear from the probation and parole officer to answer the court's question. However, the officer had left the courthouse. The trial judge made the following statement:

> [The Defendant's] already got 7, 8 or 9 months now on a 4 year sentence. The odds are he's going to, if I order him to serve it he'll make parole pretty quickly. And then if parole is going to send him back to South Carolina then that seems to me to be an appropriate disposition. That means that we don't have to deal with it anymore. On the other hand if he makes parole and he's going to be here and supervised here and have to remain in Tennessee then I don't know that that's necessarily what I want to do.
>
> . . .
>
> [I]v'e got a couple of questions that I need to ask . . . somebody from probation and parole about because it's a technical

question that I don't know the answer to and I haven't made up my mind on it and I want to know what they tell me before I ultimately decide. . . .

The trial court recessed. When the hearing resumed, the issue of whether parole could be transferred to another state was not addressed. The trial court only heard counsel's arguments.

The trial court found that the Defendant failed to address his pending probation violations in Tennessee while he was released on bond in South Carolina before the trial on the first degree criminal sexual conduct charge. The court noted that had the Defendant done so, South Carolina might have sentenced the Defendant to concurrent terms with the Tennessee probation violations. The court noted that the violation of probation warrant was filed almost twenty years earlier but found that the Defendant was convicted of a serious offense and refused to sentence the Defendant to probation. The court revoked the Defendant's probation and sentenced him to four years' confinement with eight months' jail credit. The court noted that the State would not oppose parole and that the Defendant would probably be released on parole. The court said the Defendant would be allowed to transfer his parole to South Carolina. This appeal followed.

On appeal, the Defendant contends that the trial court abused its discretion by revoking his probation and ordering him to serve his four-year sentence. The Defendant argues that the record does not contain substantial evidence supporting the trial court's decision to revoke the Defendant's probation. The Defendant also argues that ordering him to serve his four-year sentence from 1991 after serving seventeen years and eight months in a South Carolina prison fails to serve the ends of justice, the interests of the public, and the interests of the Defendant. The State contends that the trial court did not abuse its discretion.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). Thus, after finding that a defendant violated the terms of his probation, a trial court has the statutory authority to "revoke the probation and suspension of sentence, and cause the defendant to commence the execution of the judgment as originally entered. . . ." T.C.A. § 40-35-311(e)(1)(A); see State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995) (citation omitted) (stating trial judges have "the discretionary authority 'to commence the execution of the judgment as originally entered'"); see also State

-4-

v. Michael Wayne Thomas, No. M2008-02763-CCA-R3-CD, Franklin County (Tenn. Crim. App. June 26, 2009).

The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To establish an abuse of discretion, the record must show that there is "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citation omitted); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, Davidson County (Tenn. Crim. App. Feb. 11, 2002). "An accused, already on probation, is not entitled to a second grant of probation or another form of alternative punishment." State v. Angela Bright, No. E2000-03146-CCA-R3-CD, Blount County, slip op. at 3 (Tenn. Crim. App. Jan. 2, 2002) (citing State v. James Moffit, No. 01C01-9010-CC-00252, slip op. at 1 (Tenn. Crim. App. Apr. 4, 1991)).

The record shows that the Defendant violated the conditions of his probation and that he pled guilty to violating his probation. The Defendant was convicted of first degree criminal sexual conduct in South Carolina while on probation in Tennessee and sentenced to twenty-five years' confinement. Although the trial court noted that the violation of probation warrant was filed almost twenty years earlier, it found that the Defendant was convicted of a serious offense while released on probation.

The record also shows, however, that in making its decision, the trial court improperly relied upon its belief in the transferability of parole from Tennessee to South Carolina. We note, as well, that the information was not a proper consideration. The trial court believed that the Defendant would be paroled quickly and said it would be an appropriate disposition to sentence the Defendant to confinement if the Defendant would be allowed to transfer his parole to South Carolina. The court stated in its findings that the Defendant would be allowed to transfer his parole.

In addressing parole dates, this court has said that such matters have been vested in the executive branch, not the judiciary. State v. Lorenzo Puente Salazar, No. 02C01-9105-CR-00098, Shelby County, slip op. at 8 (Tenn. Crim. App. Jan. 15, 1992). This court has also said that "nothing in the principles and purposes of sentencing provided by the 1989 Sentencing Act allows for a sentence to be determined in anticipation of contingencies which, by legislative act, have been left to the future discretion of parole authority." Id.; see State v. Randy Hodge, No. 91, Jefferson County, slip op. at 17 (Tenn. Crim. App. Mar. 5,

1991). Tennessee Code Annotated section 40-35-311 "does not give the trial judge the authority to consult outside entities or persons in making its determination. . . ." <u>State v. Charles Hopson Stewart</u>, No. M2008-00474-CCA-R3-CD, Warren County, slip op. at 5 (Tenn. Crim. App. Oct. 6, 2008); <u>see</u> T.C.A. § 40-35-311. The Defendant is entitled to a new hearing.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed and the case is remanded for a new hearing.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE